THE FIRST NATIONAL BANK OF MCGREGOR V. HOSTETTER ET AL.

1. **Fraudulent Conveyance: FACTS NOT CONSTITUTING.** The facts in this case considered (see opinion), and *held* to justify the finding of the court below, that the conveyance of the land in question by a son to his father should not be set aside as in fraud of creditors.

2. **Judgment: ENTERED IN VACATION.** Where a judgment was entered in vacation without the consent of parties, and at the next term the defendant appeared and objected to the judgment, and the same was set aside and a judgment entered as of that term, *held* that the judgment entered in term was not void.

*Appeal from Winneshiek District Court.*

FRIDAY, JUNE 15.

ACTION in equity to set aside a conveyance of real estate made by the defendant, W. M. Hostetter, to his father, Moses Hostetter, who is made a defendant, on the ground that the same was made with intent to hinder and delay creditors. The court found for the defendants and dismissed the petition. The plaintiff appeals.

*E. Cutter & W. E. Akers*, for appellant.

*Brown & Wellington*, for appellees.

SEEVERS, J.—I. In 1874, Moses Hostetter conveyed to his son, W. M. Hostetter, the real estate in controversy, for the expressed consideration of $2,400, which, however, was not in fact paid, although the conveyance so stated. The conveyance contained this condition: "The above W. M. Hostetter to have full possession of said land, but if said W. M. Hostetter sells or disposes of said land before he is thirty years of age, it falls back to Moses Hostetter, and the above deed to be void."

In 1877, W. M. Hostetter became indebted to Chandler & McMartin, who transferred the same to the plaintiff, who

commenced an action thereon in February, 1879, and re-covered a judgment on the eleventh day of March, 1879. Prior thereto, and on the seventh day of March, 1879, W. M. Hostetter re-conveyed the premises to Moses Hostetter for the expressed consideration of $2,400, no part of which, how-ever, was paid at the time of the conveyance. It is insisted by the appellees that it was not the intention of the parties to vest the absolute legal title in W. M. Hostetter, but that it was only a conditional title, and as he had no title which he could convey, he had no interest which could be reached by legal process.

We think it is true that the intent of the parties was as stated, but it is not entirely clear that the law will not hold the conveyance to be absolute, notwithstanding such intent. This question we do not feel called on to determine.

II.  As the land has been re-conveyed to Moses Hostetter, the only question to be determined is, was such conveyance

1. FRAUDU-LENT convey-ance : facts not constitu-ting.

fraudulent.  The evidence satisfactorily shows that W. M. Hostetter did not pay the considera-tion expressed in the deed.  There is no sufficient evidence that Moses Hostetter intended to or did give the land to his son.  As W. M. Hostetter did not pay for the land, his father, so far as he could, restricted him from sell-ing it for a time.  But this is not sufficient evidence to show that he did not intend he should pay for it.  If the transac-tion was not a gift, then it was a purchase.

Moses Hostetter testified that the land was re-conveyed to him in payment of the purchase-money.  If this is true, such conveyance cannot be said to be fraudulent, unless, possibly, it was made with the express intent of defrauding the plaint-iff; and of this there is no sufficient evidence.

Now, while there are some circumstances which possibly cast suspicion on the evidence of Moses Hostetter in the re-spect above mentioned, we do not think we would be war-ranted in saying that it is unworthy of credit.

As the land never has been paid for, and it was not a gift,

an indebtedness existed from the son to his father, which the former was bound to pay, if demanded. The right to make such demand existed, and in substance it was made, and the conveyance executed. But if the conveyance was voluntarily made by W. M. Hostetter, his father had the right to accept the same in payment of the purchase-money, unless, at least, there was an express intent to defraud the plaintiff.

But it is said, the fact that W. M. Hostetter was indebted to his father is not pleaded in the answer or relied on as a defense. But it is stated in the answer that the conveyance was made "without consideration being paid therefor." If nothing was paid, an indebtedness existed. We think the allegation was sufficient, in the absence of a motion for a more specific statement.

W. M. Hostetter executed certain chattel mortgages to secure an alleged indebtedness to his father. That there was at one time, other than that for the land, a valid indebtedness to the extent claimed, clearly appears from the evidence.

Whether it continued to exist we do not determine, because, conceding that it did not, and that such mortgages are invalid, they furnish no sufficient reason for holding the conveyance of the real estate to be fraudulent.

III. The court decided the case and a decree was entered in vacation, but the parties had not consented that this might 2. JUDGMENT: be done. A judgment cannot be lawfully "enentered in vacation. tered of record in vacation" except by consent of the parties. Code, § 183.

After the decision aforesaid, but prior to the next term, the plaintiff filed a petition for a new trial. At said term, defendant objected to the decree, because it had been entered in vacation. The objection was sustained, and judgment then entered. The petition for a new trial was then by consent of parties regarded as a motion, and the same considered by the court. The plaintiff claims, if we understand counsel, that the judgment entered in term is absolutely void. But we do not think this is so. Besides this, the case is triable

here, if at all, *de novo*, and we must enter such a judgment as the district court should have entered.

IV.   The motion for a new trial was properly overruled, because if the newly discovered evidence be considered, and also that introduced contradictory thereto, no different result would be reached on such new trial.

AFFIRMED.